Lee v. Quirk.

CHARLES LEE, Appellant, *v.* PETER QUIRK, Appellee.

APPEAL FROM BUREAU.

An affidavit for a continuance, which does not state the residence of a witness, is insufficient.

In order to authorize the testimony of a plaintiff under the statute, in a suit origi- nating before a justice of the peace, where a defendant refuses to be sworn, he must make affidavit that he has a claim or demand against the defendant, and that he has no witness by whom, or other legal testimony by which, to establish it.

In an action to recover for work and labor, an instruction which excludes from the jury all consideration of the proof of a special contract, is erroneous.

The apportionment of costs by the Circuit Court, on an appeal from the decision of a justice of the peace, is the exercise of a discretion with which the Supreme Court cannot interfere.

A jury may be called into court for further instructions, either by agreement of counsel or at their own request.

THIS was an action originally commenced before a justice of the peace by Quirk against Lee, for work and labor. A judgment was rendered by the justice against Lee, for $42.10, and he appealed to the Circuit Court.

At the January term, 1857, of the Bureau Circuit Court, Lee moved the court to continue the cause, and in support of the motion read an affidavit, in which he swore that one Andrew Brown was a material witness for him ; that he (Brown) had gone to Iowa for a temporary purpose, some four or five weeks before, and was expected to return in a short time ; that Lee did not know that the witness was out of the county until the term of the court; that he caused a subpœna to be issued for the witness, which was returned not found ; that the suit is brought to recover for work claimed to have been done by plaintiff, and that Lee could prove by the witness, Brown, that what work was done by plaintiff, was done under a special contract to work a year for $220, to be paid at the end of the year ; and that plaintiff worked about two months, and then quit without any just reason ; and that plaintiff, during the last two or three weeks he worked for defendant, improperly behaved and conducted himself, for the purpose of inducing Lee to discharge him ; that he (Lee) expected to be able to procure the testimony of Brown by the next term, etc.

The court overruled the motion for a continuance.

The case then came on for trial before a jury.

On the trial, the plaintiff proved by one Spaulding, that Quirk worked for Lee for some two or three weeks after the 15th or 20th of June, 1856; that Lee paid him some money two or three days before Quirk quit work ; how much, witness did not know.

Quirk then offered to make oath that he knew of no witness by whom he could prove the length of time he had worked for Lee, except by his own oath or Lee's. Quirk was sworn on his *voir dire*, and stated that he could not prove the length of time he had worked for Lee, except by his own oath or that of Lee ; that one Fisher was living on Lee's farm ; that Quirk worked there a part of the time with Fisher ; that Fisher was there all the time that Quirk worked there, except two or three times; that one Brown worked for Lee, commencing about a week after Quirk did, and worked there all the time till Quirk left, and that the work that Quirk did was done under a contract to work a year, provided he and Lee agreed.

On this evidence Lee refused to testify, and objected to Quirk being sworn in chief. The objection was overruled.

Quirk swore that he worked for Lee from April 14, 1856, to June 21, 1856.

Quirk proved by another witness that wages were about $18 per month.

The court instructed the jury, on behalf of Quirk,

That if they believed, from the evidence, that the plaintiff worked for the defendant from the 14th of April to the 21st of June, 1856, then they will find for the plaintiff the value of the work, as shown by the testimony, deducting such payments as the defendant has made to plaintiff.

The court also instructed the jury, for the defendant,

That if the plaintiff agreed to work for defendant for a year, at a certain sum per month, or for the whole time, and if he left the service of the defendant, without sufficient cause, before the year expired, and without defendant's consent, then plaintiff cannot recover in this action, and the jury must find for the defendant.

If the jury believe, from the evidence, that the services sued for were rendered under a special contract to labor for a year, then the year's labor is a condition precedent, to be performed by plaintiff before he can recover; and if plaintiff is entitled to recover at all, he cannot recover until the year has elapsed; and if the jury believe the year had not expired at the commencement of this suit, then they will find for defendant.

After the jury had retired, the defendant asked the court to instruct the jury,

"That if the plaintiff called on the defendant for $36, or any other sum, and the defendant paid him money, and the plaintiff received the money without objection as to the amount, that is evidence to the jury that the amount called for was paid by defendant."

Which instruction the court neither gave nor marked refused, nor was the same given to the jury.

The jury found a verdict for the plaintiff below for $39.50.

The court overruled a motion for a new trial, and rendered judgment in favor of Quirk for $39.50, and all his costs.

The appellant assigned the following errors:

Overruling defendant's motion for a continuance.

Permitting appellee to testify.

Admitting proof of the value of the services.

Giving the instruction asked by appellee.

Refusing appellant's instruction.

Overruling appellant's motion for a new trial.

Rendering judgment in favor of appellee for *all* his costs.

W. H. L. WALLACE, for Appellant.

GLOVER & COOK, for Appellee.

Lee *v.* Quirk.

BREESE, J. The affidavit for a continuance of this cause was insufficient. It does not state the residence of the witness, neither positively nor by any fair inference. This is indispensable, as connected with his identification, and diligence in obtaining his attendance.

The plaintiff, on the facts shown, should not have been permitted to testify, for the reason, that he did not take the preliminary oath required by the statute. 1. He did not make affidavit that he had a claim or demand against the defendant. 2. He does not show, in the affidavit, that he had no witness or other legal testimony to establish whatever demand it may be inferred he did have. On the contrary, he shows he had two witnesses, Fisher and Brown, by which he could establish it, and he was required to use diligence to obtain their testimony. Because he has not been diligent, he cannot resort to this privilege conferred by the statute.

The first instruction given on behalf of the plaintiff was wrong.

The defense set up was the special contract to work one year for a stated sum.

The instruction is, " If the jury believe, from the evidence, that the plaintiff worked for the defendant, from the 14th of April to the 21st of June, 1856, then they will find for the plaintiff the value of the work, as shown by the testimony, deducting such payments as the defendant has made to plaintiff."

This instruction excludes from the jury, entirely, all consideration of the proof of a special contract. Merely working for the defendant, which is the point of this instruction, does not give the plaintiff a right to recover, if a special contract existed under which the work was done, and that contract violated by the plaintiff himself.

For these errors the judgment is reversed, and the cause remanded. As to the apportionment of the costs, it has always been held discretionary with the court, and with its exercise we cannot interfere.

It is not customary to ask the court to instruct the jury, after they have retired. Instructions are asked for, and disposed of, before the jury retire. They may be called into court for further instructions, at their own request, or by consent of parties or their counsel.

*Judgment reversed.*