## ALEXANDER WICKERSHAM

### *v.*

### SILAS HURD.

APPORTIONING COSTS *on trial of appeal from justice of the peace.* The apportionment of the costs by the circuit court on an appeal from the decision of a justice of the peace, is the exercise of a discretion with which this court can not interfere.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for the appellant.

Mr. WILLIAM WALKER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was originally commenced before a justice of the peace, by appellee against appellant. On the first trial the

jury found for plaintiff, in the sum of $52.48. On the trial of appellant's appeal in the circuit court, the jury again found for plaintiff, but only in the sum of $35.08.

It is urged, as a ground of reversal, that the verdict is against the weight of the evidence. The testimony is contradictory in the extreme, and it must be admitted it is difficult to determine with which party is the weight of the evidence, but two juries having found the issues for appellee, we are unwilling to disturb the verdict. By far the largest portion of the accounts of the respective parties seem to have been admitted, and we must regard the verdict as settling the right as to the disputed items.

The objections taken to the instructions are not tenable. There is nothing in any of them that could have misled the jury to the prejudice of appellant. In the main they are correct, and such as the nature of the case required.

It is insisted the court erred in not apportioning the costs, because the verdict in the circuit court was for much less than before the justice of the peace. Where the judgment of the justice of the peace is affirmed in part, the statute provides the court shall divide the costs between the parties according to the justice of the case. R. L. 1845, p. 128.

In *Lee* v. *Quirk*, 20 Ill. 392, this court had occasion to construe this statute. The judgment in that case, as in the one we are considering, was for less in the circuit court than before the justice of the peace.

One error assigned, as appears from the statement of the case, was, that the court erred in rendering judgment in favor of plaintiff for *all* his costs. It was held, the apportionment of the costs by the circuit court, on an appeal from the decision of a justice of the peace, is the exercise of a discretion with which this court can not interfere. A majority of the court are of opinion that is the true construction of the statute on this subject, and is conclusive of the case at bar. The writer of this opinion takes a different view of the meaning of the statute, and holds it is the imperative duty of the circuit court, in case the judgment of the justice is only affirmed in part, to

make some division of the costs.   The manner of making the apportionment is discretionary.

The majority of the court, however, adhering to the rule adopted in *Lee* v. *Quirk, supra,* the judgment in this case must be affirmed.

*Judgment affirmed.*