JOEL N. SMITH, use, etc.

v.

JAMES J. KINKAID.

1. LEASE FOR A YEAR—TO COMMENCE IN FUTURO—LESSEE LIABLE FOR USE AND OCCUPATION.—Under a contract for renting for a year, to commence *in futuro*, where the lessee actually takes possession of the premises and occupies them, he will be liable for the use and occupation, though the contract as an executory one, may be void under the Statute of Frauds.

2. REPAIRS BY TENANT.—Unless there was an express agreement on the part of the landlord to repair, the tenant must take the premises as he finds them, and he cannot recover for repairs made by him, or damages sustained by reason of a want of repairs.

3. APPORTIONING COSTS—DISCRETION OF COURT NOT REVIEWABLE.— The apportionment of costs, on appeal from a justice, is the exercise of a discretion not reviewable on error.

4. COSTS ALLOWED FOR WITNESSES NOT EXAMINED.—It does not necessarily follow that witness fees should not be allowed because the offered evidence was excluded, nor because the witness was not examined. A witness may properly be summoned to meet some anticipated evidence, which is not offered because the witness is present, when it would be if he were absent.

5. WITHDRAWING EVIDENCE FROM THE JURY.—Although admitting improper evidence and afterwards excluding it, would not alone be sufficient ground for a reversal, if it could be seen that such admission did no harm, yet where it is plainly apparent that the admitted evidence constituted the only basis on which a verdict was found for the appellee, the exclusion of such improperly admitted evidence was in effect a mere theory of no practical benefit to the appellant, and the case should be reversed.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Smith v. Kinkaid.

Mr. JAMES N. READING, for appellant; that instructions must be based on the evidence, cited Riley v. Dickens, 19 Ill. 28; G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; Hesing v. McCloskey, 37 Ill. 341.

Where substantial justice has not been done, a new trial will be granted: Higgins v. Lee, 16 Ill. 495.

A parol contract is not within the statute of frauds if either party has it in his power to compel performance within a year: McPherson v. Cox, 96 U. S.; Walker v. Johnson, U. S. Sup. Ct. Oct. T. 1877.

As to the effect of the admission and subsequent withdrawal of improper evidence, and the duty of the Court in that respect: Deerfield v. Northwood, 10 N. H. 269; Penfield v. Carpenter, 13 John. 350; Erben v. Lorillard, 19 N. Y. 299; Hood v. Hood, 25 Penn. 42; Delaware, etc. v. Barnes, 31 Penn. 196; Shaeffer v. Krietzer, 6 Binn. 430; Nash v. Gilkeson, 5 S. & R. 352; Ingram v. Crary, 1 Penn. & W. 389; Uangst v. Karaemer, 8 W. & S. 391.

Mr. S. P. AVERY and Messrs. NEEDHAM & MILLER, for appellee; that the letting was for a year to commence *in futuro* and within the statute of frauds, cited Rev. Stat. 540; Wheeler v. Frankenthal, 78 Ill. 124; Abt v. Lahmas, 19 Ill. 576; Comstock v. Ward, 22 Ill. 248; Ballingall v. Bradley, 16 Ill. 373.

Where there has been no day fixed for the tenancy to begin, it will commence with the tenant's entry: Taylor's Land. and Ten. § 68; Jackson v. Bond, 4 Johns. 230; Kemp v. Derrett, 3 Camp. 510; Church v. Gilman, 15 Wend. 656.

That a verdict will not be set aside when the evidence is contradictory, unless it is clearly unsupported by the evidence: Miller v. Balthasser, 78 Ill. 202; Jaeger v. Dieden, 73 Ill. 612; Wood v. Hildreth, 73 Ill. 525; Aurora F. Ins. Co. v. Eddy, 55 Ill. 213; City of Peru v. French, 55 Ill. 317; Lawrence v. Hageman, 56 Ill. 68; Kuhnen v. Blitz, 56 Ill. 171; Ill. Cent. R. R. Co. v. Frith, 60 Ill. 451; Young v. Schorling, 60 Ill. 148: Walker v. Martin, 59 Ill. 348.

LELAND, J.  This was a suit commenced before a justice of the peace of Grundy county, for an amount claimed to be due

from appellee to appellant for rent of part of the Ross House in Morris, used for a classical school. The appellee claimed a set-off, and also that the contract for the renting was void under that portion of the statute of frauds, which provides that no action shall be brought upon any agreement that is not to be performed within the space of one year from the making thereof. Appellee claimed that the contract was made prior to the first of October, A. D. 1875, for a year, ending October first, 1876, at two hundred dollars per annum. The appellant claimed that the contract was made July twenty-seventh, and that rent was to commence at that date; that it was rented for a school year at two hundred dollars, payable fifty dollars fifteen days after the beginning of each of four school terms, but that the tenancy was to end at any time when appellant should make a sale. There was a sale made by appellant on April 19th, 1876. Appellant claims that there were fifty dollars due November 23d and January 19th, and a like sum to be due April 27th thereafter. Both sides agree that appellee was not liable for rent after the sale. Appellant claimed that there was an adjusted balance due him of fifty-three dollars and forty cents, and appellee claimed that there was nothing due after the deductions of the claimed payments and set-off. Appellee claims that eighteen intelligent persons, six before the justice of the peace, and twelve in the Circuit Court have decided in favor of appellee, and this appears to be true. Appellant says the last named intelligent twelve were misdirected by the court, which also, we fear, seems to be true.

The question of the weight, and preponderance of the evidence is quite ably and elaborately discussed by counsel, but without careful examination as to whether the jury may have arrived at a correct result, we will examine whether there are erroneous rulings of the court as to the instructions, or as to the admitting or excluding of evidence. ·

As the pleadings in this case were oral, the case is to be considered as though the declaration was not only with a special count on an executed contract, which, when made, was invalid under the Statute of Frauds, but as though it was an action for use and occupation.

We understand the law to be settled that under a contract for renting for a year, to commence *in futuro*, where the lessee actually takes possession of the premises, and occupies them, the occupant is liable for the use and occupation, though the contract, as an executory one, may be void under the statute. It seems hardly necessary to cite authority in support of this, but see Warner v. Hale, 65 Ill. 395; The Williams Butcher Steel Works v. Frederick M. Atkinson, 68 Ill. 421; John S. Wheeler v. Frankenthall & Bro. 78 Ill. 124.

If such be the law, then the eighth instruction given for the defendant is erroneous. It is as follows:

"The jury are instructed, that, if they believe, from the evidence, that the said Sanford, as the agent for Joel H. Smith, leased a part of the Ross House, to the defendant for the period of one year, from the first day of October, 1875, and that said lease was not in writing, and was made in the month of September, 1875, then, and in that case, the jury are instructed that said agreement was void, as being within the Statute of Frauds, *and the jury will find for the defendant.*"

There is no conflict about the appellee having used and occupied the premises; he himself, says he did from October 1st, 1875, until April 19th, 1876. Appellant claims that rent was to commence July 27th, 1875, but both agree upon the time when the relation of landlord and tenant ended as April 19th, 1876, and there was evidence tending to show that after the use and occupation had ended, there was a balance of fifty-three dollars and forty cents struck, and that appellee agreed to pay it on several occasions.

The giving the eighth instruction was probably an oversight, which must sometimes occur in the hurry of a jury trial.

There were instructions given for the defendant like the above, except that the conclusion stated was that the plaintiff could not recover *on the contract.* It is not necessary to inquire whether this, though correct, as an abstract proposition as to an unexecuted contract, was not inapplicable and calculated, when applied to the facts in this case, to mislead the jury, because the eighth is so clearly not the law, upon the facts in

evidence, that we deem the error alone of giving that instruction one requiring a reversal.

The apportioning costs, on an appeal from a justice, is the exercise of a discretion not reviewable on error Wickersham v. Hurd, 72 Ill. 464. Whether limiting the number of witnesses, under section 15, page 299, Rev. Stat. of 1874, is or not, it is not necessary to determine. We are unable to say that the discretion was not properly exercised. It does not necessarily follow that witness fees should not be allowed, because the offered evidence of the witness is excluded, nor because he is not examined. A witness may properly by summoned to meet some anticipated evidence, which is not offered because the witness is present, when it would be if he were absent, and when the judge has doubted as to the excluded evidence, the appellee and his attorneys might well have thought it proper to offer it. We are disposed to encourage care and caution on the part of counsel in the preparation and trial of cases rather than the opposite. Again it does not appear upon what evidence the court acted, and it is to be presumed that it was sufficient.

It is not necessary to examine all the rulings as to the admission and exclusion of evidence. Evidence offered by the appellee tending to prove repairs made by him upon the building, which the court admitted, was strenuously objected to, and even after the question was fairly saved, the objection was continued to be urged in a manner which "did somewhat smack or savor, as it were," of unreasonable pertinacity. Afterwards, and after the evidence as to repairs by the defendant, and as to the damage, sustained in consequence of a want thereof, was all in, the judge presiding remarked that he had been thinking the matter over, and that it should not go in and, therefore, he overruled all the testimony, because, unless there was an express agreement on the part of the landlord to repair, the tenant should take the building, as a man did his wife, for better or for worse.

We concur with the court below in its last ruling. Still we would not be disposed, for the error alone of admitting and afterwards excluding this evidence, to reverse, if we could

Smith v. Kinkaid.

perceive that the admission could have done no harm; but it is plainly apparent from the evidence of the appellee himself, that repairs with damages consequent upon the neglect to make them, not consented to by appellant, were necessary elements to reduce the amount due for rent so much as to render a verdict for the appellee possible, The exclusion, therefore, of the improperly admitted evidence was, as is too generally the case, a mere theory, of no practical use to the appellant.

The appellant claims that the amount of the rent was one hundred and fifty dollars, computing from July 27th, 1875; appellee, that it was one hundred and eleven dollars and ten cents, computing from October 1st, 1875. If we take the one hundred and eleven dollars and ten cents, all the items of set-off claimed by appellee, excluding repairs not consented to, and damages claimed for want of them, and there will remain a small balance due appellant. Appellee, himself, in a note to Sanford, dated June 22d, 1876, gives the items and concedes a balance due appellant of five dollars and fifty cents, and this statement includes eight dollars damages for neglect to repair. With the eight dollars omitted, the balance would have been thirteen dollars and fifty cents due appellant.

We do not deem it necessary to examine particularly to ascertain whether one hundred and fifty dollars, or one hundred eleven dollars and ten cents, or some intermediate sum should be the minuend from which the sum of the claims of appellee should be taken. Appellee does not, as a witness, distinctly deny that he took the building from July 27th, 1875, although Sanford so testified, and that it was kept vacant for him till he took the keys, September 29th, 1875. According to appellee's own showing, there would have been a balance found due appellant, if the theoretically excluded items had never been admitted. Though the amount in controversy be small, the rules of law are the same as when amounts are larger. We are satisfied that justice has not been done in this case, and, therefore, for the errors aforesaid, it is

Reversed and remanded.