## HESTER A. TEWES ET AL.
### v.
## A. E. HARMON.

*Costs—Retaxation of—Secs. 15 and 26, Chap. 33, R. S.*

1.  Under Sec. 15, Chap. 33, R. S., providing that the court may limit the number of witnesses whose fees are to be taxed, action must be taken before the fee bill is made up by the clerk.

2.  In all other cases the responsibility attending the taxing of costs rests upon the clerk, and his action can only be inquired into by virtue of Sec. 26, Chap. 33, R. S.

3.  A determination by the court under the latter section, must be based upon evidence, or upon comparison thereof with the items in question.

4.  The court will not be warranted in retaxing costs merely for the reason that fees of witnesses brought to court but not called upon to testify appear in the bill.

[Opinion filed November 30, 1888.]

IN ERROR to the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. RAY & SLAUSON, for plaintiff in error.

Mr. J. O. CUNNINGHAM, for defendant in error.

The evidence in the case as heard by the court showed that a great number of witnesses were brought into court, and that six were brought in by the plaintiffs in error at an expense of more than $40 for witness fees, not to speak of sheriff's fees, and no use made of them except to largely increase the fee

bill. Against such a result has the legislation of this State been aimed. Sec. 12, Chap. 26, Rev. St. 1845; Sec. 15, Chap. 33, Rev. St. 1874. The latter section, under which the court acted, reads as follows: " The court may limit the number of witnesses whose fees are to be taxed against any party, to such number, not less than two, as shall appear to the court to have been necessary." This section came under consideration in the Supreme Court in a case recently decided, but not yet reported. Chicago B. & N. Ry. Co. v. Bowman, 13 N. W. Rep. 814. Here it was held, as often before held under the former section, that the granting or refusal of a motion such as made in this case, is in the discretion of the trial court, and can only be reviewed upon an abuse of that discretion. Peoria, etc., R. R. Co. v. Bryant, 15 Ill. 438; White v. Hermann, 51 Ill. 243 ; White v. Murtland, 71 Ill. 250 ; Boyle v. Levi, 73 Ill. 175.

CONGER, J. This was a motion made in the court below by defendant in error to retax the costs. There had been two trials of the cause in the Circuit Court, and upon each trial some five or six witnesses had been subpœnaed and were present at the trial in obedience thereto, but were not called and sworn.

After these trials and after the clerk had made up the fee bill of the costs, at the March term, 1888, a motion in writing was entered by defendant in error to retax the costs as to these witnesses, and is based upon the following reason alone : that said witnesses " were brought to court by the defendants (plaintiffs in error), and not called nor in any manner sworn or used." An affidavit of defendant in error stating the same fact was the only evidence, except the fee bills, heard in support of the motion.

The court allowed the motion and retaxed the costs as desired by the motion.

Counsel for defendant in error cite as authority for the action of the court, Sec. 15, Chap. 33, R. S., which is, " The court may limit the number of witnesses whose fees are to be

taxed against any party to such number, not less than two, as shall appear to the court to have been necessary."

This section clearly gives the trial court the power to limit the number of witnesses to be taxed, and the action of the court under its provision being in its discretion, could only be reviewed for an abuse of that discretion.

But we think this section has no application to the present case. The court, under this section, must act before the fee bill is made up by the clerk, and may, by proper action, determine how many witnesses shall be taxed against the respective parties, and by this determination the clerk will be governed when he makes up the fee bill.

But aside from this one instance the clerk, in making up fee bills and taxing costs, is not governed by the directions of the court, but the law has imposed the duty of determining the legality of each item charged, upon him, and his action in taxing the costs can only be inquired into by virtue of Sec. 26, Chap. 33, R. S. In proceeding under the last named section we hold that there must be an examination by the court, and a finding, which presupposes that evidence has been heard, or that upon an inspection of the fee bill, items are found contrary to, or not warranted by the law. From this finding either party may appeal and have it reviewed, and in case the evidence and record do not sustain the finding of the trial court it can not be upheld.

This brings us to the question whether, upon such examination made under Sec. 26, the court will be warranted in retaxing the bill of costs as made out by the clerk for the reason alone that witnesses taxed against defendant in error "were brought to court by the opposite party and not called nor in any manner sworn or used."

We think such a reason not sufficient to justify the action of the court and would repeat what we said in Highway Coms. v. Hamilton Bros., 21 Ill. App. 199, upon this subject:

"The only apparent ground for the order was that witnesses whose fees were retaxed, though subpœnaed for the defendants, were not called to testify. This would not, as a matter of course, be sufficient reason why the party should

not recover the costs of such witnesses. It often happens that witnesses are summoned in anticipation of an attack, which, though threatened, is abandoned when witnesses are present. Smith v. Kinkaid, 1 Ill. App. 620."

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*