## Frank S. Weigley, Almon W. Bulkley and Edward E. Gray v. Adolph Moses, Impleaded with Robert W. Wright.

1. APPEAL BONDS—*When Defective—Effects of Negligence in Not Having a Better Bond Given.*—When a defective or insufficient appeal bond is given which will perform the office of perfecting the appeal, if the other side stands by and takes none of the steps necessary to have a better bond given, and afterward sues upon the insufficient bond, he must abide by his own neglect.

2. SAME—*Recovery on Defective Bonds.*—The obligee in such a case will recover substantial or only nominal damages, or no damages at all, according to the terms of the bond. The question, at last, is upon the bond that was given, and not upon a bond that might have been given or that ought to have been given, or that was ordered to be given.

3. COSTS—*Apportioning of, Discretionary.* — The apportioning of costs, on an appeal from a justice, is the exercise of a discretion, not reviewable in error.

**Debt on an Appeal Bond.**—Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. FRANCIS ADAMS, Judge, presiding. Finding and judgment for plaintiff for nominal damages. Appeal by plaintiff. Heard in this court at March term, 1898. Affirmed· Opinion filed October 21, 1898.

BULKLEY, GRAY & MORE, attorneys for plaintiffs in error.

JOSEPH W. MOSES, attorney for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This suit, originally begun before a justice of the peace and then appealed to the Circuit Court, was based upon an appeal bond executed by the defendant, Adolph Moses, as surety, in a certain cause appealed from this court to the Supreme Court. That cause was one in which the people, at the relation of one Wright, was the appealing party. The order of this court allowed the appeal upon a certificate of importance, " upon said relator filing his bond in the sum of two hundred and fifty dollars," as recited in the appeal bond. The condition of the bond was as follows:

"Now, therefore, if the people of the State of Illinois shall prosecute said appeal with effect, and pay all costs and damages to be rendered against them, in case the said judgment of said Appellate Court shall be affirmed in said Supreme Court, then the above obligation to be void; otherwise to remain in full force and effect," and the bond was signed: "People of the State of Illinois, by Robert W. Wright, relator," and also by said Moses.

We omit consideration of whether the bond was in compliance with the order allowing the appeal.

The Supreme Court affirmed the judgment of this court and this suit was begun on the bond, and the claim was that the defendant is liable for costs incurred and taxed in this court at $45, and in the Supreme Court at $21, aggregating $66, and interest.

The Circuit Court took a view of the case opposed to the claim, and gave judgment for the plaintiffs for nominal damages only—one cent, and each party to pay his own costs—and this writ of error is prosecuted from that judgment.

By the judgment of the Supreme Court, affirming the Appellate Court judgment, the costs of that court were ordered to be paid by the relator.

In the brief for defendant in error, it is said he does not dispute that the bond was voluntarily given, nor that a breach of the condition of the bond to "prosecute the appeal with effect" has occurred, and he admits, therefore, the plaintiffs in error are entitled to recover nominal damages, but no more, and states what he concedes, and the question to be decided thus: "Conceding the obligation to be valid, what is the extent of the liability of the surety, and to what extent is the condition of his bond broken?"

A surety on a bond is not liable for something for which his principal is not liable.

The principal in the bond that was executed was the people of the State of Illinois, and not Wright, the relator, and under the terms of the condition of the bond the only liability of the principal was to pay "all costs and damages to be

rendered against them," the people, in case of an affirmance of the Appellate Court judgment. That judgment was affirmed by the Supreme Court, and hence possible nominal damages, but no costs were allowed against the people, presumably because they are not liable for costs (Rev. Stat., Sec. 17, Ch. 33, entitled Costs), the relator being adjudged to pay them.

But plaintiffs in error say that the bond was a voluntary one, and performed the office for which it was given in perfecting the appeal to the Supreme Court, and, for that and other reasons, the obligors are estopped from denying their liability under it.

Defendant in error concedes his liability, but says he is liable for nominal damages only, which is what was allowed, and not for substantial damages.

It may not infrequently happen that a defective or insufficient appeal bond is given which will perform the office of perfecting the appeal; but if the other side stands by and takes none of the steps that are open to him to have a better bond given, and afterward sues upon the infirm bond, the rules governing the liability upon bonds are not to be set aside in his favor, and he must abide by his own neglect. Sharp v. Bedell, 5 Gil. 88; Young v. Mason, 3 Gil. 55; Beardsley v. Hill, 61 Ill. 354.

The obligee in such a case will recover substantial damages, or only nominal ones, or none at all, according to the terms of the bond. The question, at last, is upon the bond that was given, and not upon a bond that might have been given, or that ought to have been given, or that was ordered to be given.

Whether any recovery can be had, or what recovery, if any, will depend upon what is contained within the four corners of the writing. In Sharp v. Bedell, *supra*, the court says:

"The bond declared upon is not void, if voluntarily entered into, but the defendant is only liable according to its terms. His liability can not be extended so as to make him responsible to the same extent as if he had entered into an obligation conditioned as the law directs.

It matters not that the parties executing the bond may have derived from it all the advantages which a perfect bond would have given them, or that they even intended to execute such a bond as the law requires."

No costs or damages having been awarded against the people, the principal in the bond, the utmost liability of the surety was nominal damages for the technical breach, and substantial damages were properly denied.

The further point is made that the Circuit Court erred in not rendering judgment against the defendant in error for all the costs, instead of apportioning them.

" The apportioning of costs, on an appeal from a justice, is the exercise of a discretion, not reviewable on error." Smith v. Kinkaid, 1 Ill. App. 620; Wickersham v. Hurd, 72 Ill. 464.

The judgment must be affirmed.