Jacob C. Portis, Defendant in Error, v. Illinois Surety Company, Plaintiff in Error.

### Gen. No. 17,680.

1. APPEALS AND ERRORS—*liability of surety on appeal bond.* An appeal bond conditioned for the payment "of the judgment rendered and to be rendered against her in case the said judgment shall be affirmed," where the principal so referred to, who appeals the case, is not a party of record or to the judgment, is not a statutory bond, but where no motion to dismiss the appeal is made and the bond serves the same purpose as if valid, the surety is estopped from denying its recitals or that it is binding upon the obligors as a voluntary contract executed upon good consideration, and is liable for substantial damages, or only nominal, or none at all, according to the strict letter and terms of the bond.

2. APPEALS AND ERRORS—*parties.* The right of appeal is purely statutory and the statute gives the right only to a party to the suit, while the right to sue out the common-law writ of error is available also to any one who is privy to one of the parties or who appears to have been prejudiced by the judgment.

3. MUNICIPAL COURT—*affidavit of merits to action on appeal bond.* In an action on an appeal bond an affidavit of merits which sets forth that the bonded principal was not a party to the record and judgment appealed from, presents *prima facie* a good defense.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed January 23, 1913.

CHARLES J. HERMAN, for plaintiff in error; DOUGLAS C. GREGG, of counsel.

MORTON A. MERGENTHEIM, for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

After striking from the files a fourth amended affidavit of merits, the municipal court entered judgment by default for $506.65 against the Illinois Surety Company upon the plaintiff's affidavit of claim. The statement of plaintiff's claim, as filed, sets out *in haec verba* an appeal bond for $1,000, signed by Fannie Singer and the Surety Company. The bond recites that Jacob C. Portis recovered a judgment in the County Court of Cook County for $425 against "Bernard Sangerman, executor of the estate of Abraham Singer, deceased," from which judgment "said Fannie Singer, successor in trust of Bernard Sangerman, has prayed for and obtained an appeal to the appellate court;" and the condition is as follows: "Now, therefore, if the said Fannie Singer, successor in trust of Bernard Sangerman, shall duly prosecute her said appeal with effect, and moreover, pay the amount of the judgment, costs, interest and damages rendered and to be rendered against her in case the said judgment shall be affirmed in said appellate court, then the above obligation to be void, otherwise to remain in full force and virtue." The statement then avers that said judgment was affirmed in the appellate court, and that plaintiff claims that defendant is liable for $506.65, as follows: Original judgment, $425; interest, $56.50; county court costs, $12; appellate court costs, $13.15.

The fourth amended affidavit of merits which was stricken from the files (presumably under the rule of

the municipal court which authorizes that to be done when it appears from the affidavit of merits that the defendant "is relying on a defense that is clearly unfounded in law") states, in substance, that the nature of the defense is that the bond was null and void for the reason that Fannie Singer was not a party to the record nor to the judgment in the case in which the appeal bond was filed, and that the appellate court decided that said judgment was not against Sangerman, as executor, but against him personally.

The right of appeal is purely statutory, and the statute gives the right only to a party to the suit. If an appeal be taken and a bond be filed by one who is not a party, the appeal will be dismissed on motion. Louisville, E. & St. L. Consol. R. Co. v. Surwald, 147 Ill. 194; Union Nat. Bank of Chicago v. Barth, 179 Ill. 83; Cleveland v. Cleveland, 225 Ill. 570. In this respect there is a material distinction between the right to an appeal and the right to sue out a writ of error, the latter being a common-law writ available to any of the parties or their privies, or to any one who appears by the record to be prejudiced by the judgment. Anderson v. Steger, 173 Ill. 112; Granat v. Kruse, 213 Ill. 328; Moll v. Sanitary District, 228 Ill. 633.

The bond here sued upon is an appeal bond, approved by the county court. It does not show on its face that Fannie Singer was a party to the suit. Its language clearly implies the contrary. Furthermore, the statute provides (Practice Act, section 92) that if an appeal is taken from a money judgment "the condition of the bond shall be for the prosecution of such appeal, and the payment of the judgment, interest, damages and costs in case the judgment is affirmed."

This bond shows that an appeal was prayed and allowed from a money judgment, yet the condition is not for the payment of the judgment appealed from, but for the payment of the judgment "rendered and to be rendered *against her* in case the said judgment

shall be affirmed." It was not, therefore, a statutory bond, and upon motion in the appellate court, the appeal would either have been dismissed, or a proper bond required to be filed. No such motion was made, however, and the bond apparently served the same purpose, pending the hearing of the appeal, as if it had been filed by a party to the suit, and had contained the statutory conditions. Under such circumstances, the bond is not a mere nullity, as claimed by the affidavit of merits, but was valid and binding upon the obligors according to its terms as a voluntary contract executed upon a good consideration. Meserve v. Clark, 115 Ill. 580; McCarthy v. Chimney Construction Co., 219 Ill. 616. The surety in such a bond is estopped from denying that it is a binding obligation, and that its recitals are true. Courson v. Browning, 78 Ill. 210; Mix v. People, 86 Ill. 329; Arnott v. Friel, 50 Ill. 174; Terre Haute & I. R. Co. v. Peoria & P. U. R. Co., 81 Ill. App. 435; McCarthy v. Chimney Construction Co., *supra.* "The obligee in such a case will recover substantial damages, or only nominal ones, or none at all, according to the terms of the bond." Weigley v. Moses, 78 Ill. App. 471. While the conclusion stated in the affidavit of merits that the bond was null and void is inaccurate, yet the fact alleged as a defense is that there was no judgment rendered against Fannie Singer. If this be true, in point of fact, then under the authorities above cited, Portis, the obligee, is not entitled to recover the amount of the judgment against Sangerman, as such, but is entitled to recover only such damages as he may have sustained under the strict letter of his bond. No such damages are claimed in the plaintiff's statement of claim.

We conclude, therefore, that to the extent that the affidavit of merits avers as a fact that Fannie Singer was not a party to the judgment in the case in which the bond was filed, it states, *prima facie,* a good de-

fense to the plaintiff's claim of right to recover the amount of such judgment. Plaintiff in error was entitled to a trial upon the issue of fact thus presented and the court erred in striking the affidavit from the files.

The judgment will be reversed and the cause remanded for further proceedings, not inconsistent with this opinion,

*Reversed and remanded.*