## Mabel Frances Paulin, Appellee, v. American Surety Company of New York, Appellant.

### Gen. No. 22,680.

1. APPEAL AND ERROR, § 198*—*what is power of Appellate Court to pass upon constitutional questions.* The Appellate Court has no power to pass upon constitutional questions involving the validity of statutes.

2. APPEAL AND ERROR, § 1718*—*when constitutional questions are waived.* Constitutional questions are waived by an appeal to the Appellate Court.

3. APPEAL AND ERROR—*when surety on stay bond is not entitled to notice of amendment of judgment.* Where a judgment upon which a stay bond was issued was, on writ of error, reversed for the reason that the record failed to show the entry of a default, while such judgment recited that it was entered upon a default of the defendant, and subsequently an order of default was entered in the trial court *nunc pro tunc* based upon the clerk's minute book showing that such an order had originally been made by the court but not entered by the misprision of the clerk, and thereupon such judgment was affirmed by the Appellate Court, *held* in an action upon such bond against the surety therein, that such surety was not entitled to notice of such amendment of the judgment, and was bound thereby, and that the judgment recited in the bond was in no way affected by the recording of the order of default which merely corrected the record thereof as of the day when such order was made by the court.

4. JUDGMENT, § 270*—*when omissions may be supplied by nunc pro tunc order.* Where a judgment recited it was by default and the record failed to show the entry of any order of default, but the clerk's minute book showed the court had ordered default to be entered, *held* that the court had jurisdiction at any time to supply the omission of the clerk by a *nunc pro tunc* order.

5. APPEAL AND ERROR—*when liability of surety on stay bond is not affected by nunc pro tunc order.* The liability of a surety in a stay bond is not affected by a *nunc pro tunc* order properly made as to entry of an order of default upon which the judgment in question was entered.

6. APPEAL AND ERROR, § 1853*—*what is binding effect of stay bond.* A stay bond is binding either as a statutory bond or as an obligation by force of the common law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. APPEAL AND ERROR—*what constitutes a delivery of a stay bond to adverse party.* The delivery of a stay bond to the clerk of court is a sufficient delivery to the party to the suit wherein such bond was given and in whose favor the judgment therein was rendered.

8. APPEAL AND ERROR—*what is nature of stay bond.* A stay bond is a contract between the parties by which, and all its conditions, they are bound and their rights are determined.

9. APPEAL AND ERROR, § 1859*—*when parties are estopped by stay bond from disputing existence or validity of judgment.* A stay bond received in evidence in an action based thereon establishes the existence of the judgment recited in it, and all parties to it are estopped from disputing the existence or validity of such judgment.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917. Rehearing denied March 5, 1917.

ROSENTHAL, KURZ & HOULIHAN and J. L. MOEHLE, for appellant; FRANK MICHELS and SIDNEY LEVY, of counsel.

JOSHUA R. H. POTTS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action upon a stay bond in the Municipal Court, in which bond the defendant was surety. The title of the suit in the trial court was the plaintiff here, as plaintiff there, and one William A. Paulin as defendant. The judgment in that suit, as recited in the bond in this suit, is $747 and costs. On review by this court that judgment was affirmed. The judgment before us for review on this appeal is for $867.23.

It is not in dispute that the bond in suit was given or that the judgment which its giving operated to suspend was affirmed by this court. The defenses interposed by defendant were on motion stricken and the judgment appealed from entered as in cases of default.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same** topic and section number.

Defendant urges as a defense the unconstitutionality of section 23 of the Municipal Court Act (J. & A. ¶ 3335), under which the bond was said to be given. We shall pay no attention to this contention, as this court is not concerned with constitutional questions involving the validity of statutes. The Supreme Court is the tribunal whose jurisdiction permits it to decide such constitutional questions. We have no such power. Furthermore, an appeal to this court has been held to operate as a waiver of constitutional questions argued.

Defendant defends on the theory that the judgment in which the bond in controversy was given was reversed by this court, and that, consequently, the condition of the bond that defendant should prosecute his writ of error with effect was satisfied. The difficulty with such contention lies in the fact that by subsequent proceedings in this court that judgment was abrogated and another and final judgment of affirmance entered in its stead; and further, that the judgment of affirmance remains in full force, undisturbed by appeal, writs of error, or certiorari, and unaffected by any other review process. It is the final and operative judgment of this court. The judgment of reversal subsequently annulled was placed upon the condition of the record as it then existed, which failed to show the entry of any order of default, while the judgment was recited to have been entered upon the default of defendant. It was subsequently made to appear that the failure of the record to show an order of default arose through the misprision of the clerk in failing to spread upon the record of the court the order of default from the minute book. By a proceeding in the trial court in due form, an order of default was entered of record *nunc pro tunc* as of the day the clerk's minute book showed that the court had ordered the default of the defendant to be entered of record.

This was done without notice to the surety company, the defendant in the instant suit, and of this defendant in this suit complains.

It is sufficient answer to this contention to say that defendant was not entitled to any notice of the action of the court in amending its record to conform to the fact, as it was not a party to that cause. Such correction was in the interest of justice, against which no protest of defendant could have been of any avail. Justice is not so easily thwarted in this jurisdiction. It may also be remarked that the recording of the order of default in no way affected the judgment recited in the bond. That judgment remained the same from the beginning, and the entry of the *nunc pro tunc* order of default when made had the effect in law to correct the record as of the day when the court ordered the default of the defendant to be entered, but which failed of entry through the failure of the clerk to do his duty in this regard. However, defendant urges in argument that it became surety on the condition of the record which disclosed an error in procedure, which, if not corrected, would invalidate the judgment and relieve defendant from liability as surety; that such knowledge was the reason which induced defendant to execute the bond as surety and that but for such defect defendant would not have executed the bond. However, the record as it then appeared bound the parties. Conceding the plausibility of this contention, how does it affect defendant's liability?

It seems to this court that defendant was bound not by a part of the record but by all of it. The judgment recited that it was by default, and an examination of the minute book kept by the clerk of the court would have disclosed the fact that the court had ordered the defendant's default to be entered of record, and that notwithstanding the failure of the clerk to transcribe

that order of record, the court still had jurisdiction at any time to supply the omission of the clerk by a *nunc pro tunc* order, as was eventually done.

There is no merit in the contentions of defendant. The liability is that nominated in the bond, which in no sense, either in law or fact, has been enlarged or changed since it was entered into. As said by this court in the suit in which the bond was given—*Paulin v. Paulin*, 195 Ill. App. 350:

"The *nunc pro tunc* order in controversy in no manner added anything to the judgment of the court as originally directed, but simply corrected the error of the clerk in not transcribing from the minute book the judgment which the court had, as appears by that minute book, directed to be entered."

The bond in suit is binding either as a statutory bond or as an obligation by force of the common law. *Portis v. Illinois Surety Co.*, 176 Ill. App. 590. The delivery of the bond to the clerk of the Municipal Court was in law a sufficient delivery to the plaintiff in the action in which it was given. A bond of the nature of the one before us is a contract between the parties, by which and all its conditions the parties are bound and their rights must be determined. *Mystic Workers of the World v. United States Fidelity & Guaranty Co.*, 152 Ill. App. 223.

The bond when received in evidence established the existence of the judgment recited in it, from disputing which all the parties to the bond were estopped. As said in *McCarthy v. Alphons Custodis Chimney Const. Co.*, 219 Ill. 616:

"The obligor and sureties are alike estopped, when sued upon an appeal bond, to set up defenses which contradict the recitals of the bond, and where the bond recites the existence of the judgment the obligor and sureties are estopped to deny the existence of the judgment or that it was valid." *Meserve v. Clark*, 115 Ill. 580.

The defenses interposed were unavailing and were properly stricken from the files, and there being no errors in this record which justify a reversal of the judgment of the Municipal Court, it is affirmed.

*Affirmed.*