Louisa S. Meserve

*v.*

John Clark, Jr.

*Filed at Ottawa January 25, 1886.*

1. Appeals and appeal bonds—*necessity of compliance with order granting the appeal—liability upon bond not so executed.* An appeal from the trial court, to be effective, must be in conformity with the order allowing it. But it does not follow that an appeal bond, filed not in accordance with the order allowing the appeal, is not obligatory on the parties executing it.

2. Where an appeal was allowed to two defendants upon their entering into bond, with security to be approved, and only one of them gave the bond, and the appeal was dismissed by this court, it was *held,* that the parties who did execute the bond were liable on the same, and that they were estopped by the recital therein from denying that an appeal was taken.

Appeal from the Appellate Court for the First District;— heard in that court on writ of error to the Superior Court of Cook county; the Hon. Kirk Hawes, Judge, presiding.

Mr. H. O. McDaid, for the appellant:

The order allowing an appeal being conditioned that both defendants enter into bond, which was not done, no appeal was ever perfected in the case, and the bond filed never became operative or valid as an appeal bond. *Branigan* v. *Rose,* 3 Gilm. 123; *Owen* v. *McKethe,* 5 id. 79; *Simpson* v. *Alexander,* id. 260; *Propeller Niagara* v. *Martin,* 42 Ill. 106; *Carson* v. *Merle,* 3 Scam. 168; *Ryder* v. *Stephenson,* id. 539; *Johnson* v. *Barber,* 4 Gilm. 1; *Watson* v. *Thrall,* 3 id. 69.

Mr. John R. Parker, for the appellee:

The argument of counsel for appellant is outside the record, and is therefore not effectual for the purpose of reversing the judgment of the circuit court in this cause. His argument tends to show that the bond executed by Curtis C. Meserve, as surety, might have been objected to by the opposite party,

and it would seem by the earlier decisions that the appeal in that case might have been dismissed on motion of the opposite party, but, nevertheless, the surety would be liable on the bond. It was a voluntary undertaking, and is binding on him. Its sufficiency as an appeal bond, and the obligation which the surety assumed by executing the bond, are different questions. *George* v. *Bischoff*, 68 Ill. 236.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

John Clark, Jr., on the 13th of April, 1870, recovered a judgment in the Superior Court of Cook county, against John Clark and Albert Brinkerhoff, for $191.50. The defendants in the judgment prayed an appeal to this court, which was allowed, "*on their* filing their appeal bond therein in the penalty of $400, with security, to be approved by one of the judges of that court." On the 23d of the same month an appeal bond was filed in the cause, signed by Brinkerhoff, and Curtis C. Meserve, as his surety, defendant Clark not joining in the appeal. Brinkerhoff having failed to prosecute the appeal with effect, the same was, on motion of appellee, dismissed by this court at its September term, 1870. The judgment from which the appeal was taken not being paid according to the condition of the bond, and Meserve having, in the meantime, died, appellee filed the claim, together with the appeal bond and record of the proceedings, in the county court of Cook county, against Meserve's estate. That court, upon the consideration of the claim, entered an order allowing the same. The executrix appealed from that order to the Superior Court of Cook county, where the cause was tried *de novo*, with like results. She thereupon appealed to the Appellate Court for the First District, where the judgment of the Superior Court was affirmed, and by her further appeal the case is now here for review.

It is well settled by the decisions of this court that an appeal, to be effective, must be in conformity with the order of the court allowing it. *Carson* v. *Merle*, 3 Scam. 168; *Watson* v. *Thrall*, 3 Gilm. 69; *Ryder* v. *Stephenson*, 3 Scam. 539; *Johnson* v. *Barber*, 4 Gilm. 1; *Simpson* v. *Alexander*, 5 id. 260; *Branigan* v. *Rose*, 3 id. 123; *Owens* v. *McKethe*, 5 id. 79; *Niagara* v. *Martin*, 42 Ill. 106.

On the authority of these cases the appellant claims that no appeal, either in law or fact, was ever taken, and insists it necessarily follows that the appeal bond in question was and is an absolute nullity. It may be admitted that no appeal was taken that would have affected the rights of appellee, had he seen proper to disregard it. He might well have proceeded with the collection of his claim, just as if no appeal had been attempted, or he might have appeared in this court and had the appeal dismissed on the ground it was not taken by both the defendants,—or, in other words, because it was not taken in conformity with the order of the court allowing it. Appellee did so appear, and on his motion the appeal was dismissed, on the ground the record had not been filed within the time prescribed by law. Thus it will be seen that both parties treated the action of Brinkerhoff and Meserve, in filing the bond, as an appeal from the judgment, and it is so treated and characterized in the proceedings in this court. Recurring to the final order in the case, we find this language: "It is therefore ordered by the court that this *appeal* be dismissed, and that a *procedendo* be awarded," etc. It is clear the bond was filed by the parties executing it for the express purpose of taking an appeal from the judgment to this court. The bond itself recites that the appeal had been prayed for and *obtained*, and provides the bond is to be void if the appeal is prosecuted with effect, etc. These facts considered, the question is not whether the appeal was properly taken, for it is conceded it was not; but the question is, ought the appellant, in a suit upon the bond, be heard to say that no appeal

was ever taken? Upon what principle can˝she be permitted to question the truth of the recitals in that instrument? The general rule unquestionably is, that the maker of a bond is bound by the recitals in it, whether they are true or false. There are some° exceptions to this rule, but we do not think this case comes within them.

We see no reason why the bond in question is not valid as a voluntary contract. There is certainly no law prohibiting parties from entering into such an obligation, and the expenses incurred by appellee in defending the appeal on the faith of the bond, afford a sufficient consideration for entering into it. We think the present case comes within the principle of the case of *George* v. *Bischoff*, 68 Ill. 236.

The judgment will be affirmed.

*Judgment affirmed.*