[No. 1774.]

### ULLERY ET AL. v. KOKOTT.

1. PRACTICE—PLEADING AND PROOF—PAYMENT—CERTIORARI BONDS.
The rule that the defense of payment must be affirmatively alleged and proven, does not apply in an action on a bond where the liability is a conditional one.   In an action on a certiorari bond it is incumbent on the plaintiff to show that his judgment has not been satisfied before he can recover against the sureties on the bond.

2. CERTIORARI BONDS—ATTORNEY AT LAW—ESTOPPEL.
Where by leave of court an attorney in a case signs a certiorari bond as surety, and thereby secures the removal of the cause and delays the collection of the judgment, he is estopped to deny his obligation on the ground that he was an attorney at the time he signed the bond.

*Appeal from the District Court of Arapahoe County.*

Mr. WILLIAM YOUNG, for appellants.

Mr. EWING ROBINSON, for appellee.

BISSELL, P. J.

Kokott had judgment in a suit before Myers, a justice of

the peace, for $36.00 in June, 1896. Therein Lotz was garnisheed and judgment entered against him, wherefrom he prosecuted a review by filing an application for a writ of certiorari to take the case into the county court. In this application Lotz filed a bond with Ullery as surety, reciting the recovery of the judgment and the appeal which he undertook to prosecute with effect, and promised to pay whatever judgment might be rendered. The writ was subsequently quashed, the petition for certiorari was dismissed, and the present action was brought on the preceding undertaking in the county court of Arapahoe county. In that suit the plaintiff had judgment. Therefrom he prosecuted an appeal to the district court wherein the plaintiff on the trial *de novo* offered such evidence as he deemed necessary. The proceedings before the justice and in the county court were sufficiently established and the plaintiff produced one witness to the point that he had demanded payment of the bond of Lotz and Ullery. There was no other attempt to establish a breach of any condition in the undertaking. It sufficiently appears that the amount the parties were entitled to recover was $53.00 and the accrued costs, and the records showing these amounts were produced without objection. The plaintiff did not otherwise show any breach, nor that the original judgment had not been paid and satisfied by the judgment debtor, nor that he had acquired by the failure of the judgment debtor to pay, the right to maintain a suit on the undertaking. Notwithstanding this fact judgment was entered for the plaintiff and this appeal is prosecuted. There is only one question in the case, and that respects the failure of the plaintiff to prove nonpayment by the judgment defendant. It has been argued that this matter of payment is an affirmative plea which the defendant must interpose and prove in order to bar recovery. As this court has already decided in two cases, the rule respecting a plea of payment is wholly inapplicable in an action brought on a bond where the liability is a conditional one. There it is incumbent on the plaintiff to prove a breach of the undertaking in order to maintain

his action. In two analogous and almost exactly similar cases we have announced this rule and decided that it is for the plaintiff to show that his judgment has not been satisfied if he would recover against the sureties on the undertaking. Since this is true the case must be reversed and sent back for further hearing. It is unfortunate because doubtless the proof could have been easily made. *Wilson v. Welch*, 8 Colo. App. 210; *Gallup v. Wortmann*, 11 Colo. App. 308.

There is probably one other question which it would be well to advert to, though as we look at it, it is of little significance or consequence. This is the plea that Ullery was an attorney at the time he signed the bond. We do not need to decide whether this defense is open to him, following the theory which has been established by both appellate courts, that where a surety gives a bond on which the other party relies, and the appeal is successfully prosecuted and the collection of the judgment delayed, the obligor is thereby estopped to question his obligation, because as appears from the record, the court granted the attorney leave to sign the security. This is enough to render him liable and he cannot afterwards suggest his incapacity as a defense to the suit.

The judgment must necessarily be reversed and sent back for a new trial, which is accordingly done.

*Reversed.*