[No. 2587.]

DUNCAN V. THOMAS, A LUNATIC, BY LINDSEY AS HIS CONSERVATOR.

1. **Apellate Practice—Bill of Exceptions—Change of Venue.**

An assignment of error to a ruling of the court denying an application for change of venue will not be considered where the facts upon which it was based are not within the bill of exceptions.

2. **Appeal Bonds—Action Upon—Concurrent Remedies—Election.**

Where a cause was appealed from the county court to the district court and affirmed, and an appeal was taken from the judgment of the district court to the supreme court where it was affirmed, actions may be maintained upon both appeal bonds limited, however, to one satisfaction, and it was not error to refuse to require the obligee of the bonds to elect between actions pending upon the two bonds.

3. **Lunatics—Conservators — Judgments — Contempts — Appeal Bonds — Satisfaction.**

Where a judgment was rendered against a conservator of the estate of a lunatic in favor of the estate, from which he appealed and the judgment was affirmed, and the conservator was committed for contempt for failure to pay such judgment and confined in county jail, his commitment did not operate to satisfy his obligation nor that of his sureties on his appeal bond.

**4.  Appeal Bonds—Estate of Lunatic—Conservator.**

Where objections were filed to the report of a conservator of the estate of a lunatic, and judgment was rendered in favor of the estate against the conservator from which he appealed, giving an appeal bond running to the estate of the lunatic, after having the benefit of the appeal which was decided against him, the conservator is estopped to question the validity of the appeal bond for want of an obligee therein.

*Appeal from the District Court of Arapahoe County.*

Messrs. DUNCAN & ANDREWS, for appellant.

Mr. H. S. VAUGHN, for appellee.

GUNTER, J.

During the administration of the estate of a lunatic in the county court of said county exceptions were filed to the report of the conservator, and on a hearing thereon, judgment went in favor of the estate and against the conservator in a certain amount. On appeal therefrom to the district court there was an affirmance, and on appeal from the district court to the supreme court the judgment of the district court was modified and affirmed. In pursuance of a remittitur from the supreme court the district court entered the judgment as modified and ordered that the original papers together with the modified judgment be certified to the county court for further proceedings to enforce the collection of the judgment. The county court entered up judgment as modified and ordered the conservator to pay the amount of such modified judgment into that court. Later the conservator was ordered committed for contempt for failure to pay into court the sum adjudged against him. He remained confined in the county jail from July until the following May, when the court being satisfied that he was without means to discharge the judgment ordered his release.

The present action is upon the appeal bond given in the appeal from the district to the supreme court,

and was instituted in October following the July of the conservator's commitment. About the same time suit was instituted upon the appeal bond given in the appeal from the county to the district court.

In the present action the bond was introduced; affirmance of the judgment therein mentioned shown and nonpayment of the judgment named in the condition of the bond. Judgment was for plaintiff, and therefrom is this appeal by a surety upon the bond.

Appellant contends:

1. That the court below erred in denying his application for a change of venue.

A sufficient reason for declining to consider this question is, the facts upon which it is based are not within the bill of exceptions.

2. That the trial court erred in refusing to require plaintiff to elect between the actions pending upon above mentioned appeal bonds.

The two bonds were in force and securities for the affirmed judgment.—*Wyman v. Felker,* 18 Colo. 382, 33 Pac. 157.

There is no reason why plaintiff could not pursue remedies on the two bonds simultaneously within the limitation of one satisfaction.

3. That the imprisonment of the conservator worked a satisfaction of the bond.

It is unnecessary to consider the question whether the imprisonment of the conservator was legal or illegal—it did not operate to satisfy the obligation of the conservator or his bondsmen herein.

4. That the bond sued on is void through want of an obligee therein.

As stated above, in a hearing had upon the report of the conservator of a lunatic, it was adjudged that he pay a definite sum to the estate. In effecting an appeal from such judgment the bond in suit was given. It recites that the conservator and bondsmen

are bound unto the estate of the lunatic in a certain sum, and recites as a condition of the bond the recovery of the judgment ordering the conservator to pay over to the estate a certain sum; that an appeal has been taken therefrom, and that if such judgment if affirmed and is paid the bond shall be void, otherwise in force. It is clear that this bond was given to secure payment of the judgment therein mentioned, provided it should be affirmed. It was used by the conservator and this appellant to effect the appeal. After the appeal has been decided adversely to appellant he now contends that the bond is not what he represented it to be when he used it in taking the appeal. We think him estopped to question the validity of this bond.—*Swofford Bros. Dry Goods Co. v. Livingston*, 16 Colo. App. 257, 65 Pac. 413.

Judgment affirmed.                                    *Affirmed.*