## CITY OF SUMMIT, APPELLANT, v. ALFONSO COLETTA AND NICOLA BUONONATO, DEFENDANTS.

Submitted December 1, 1910—Decided February 27, 1911.

1. Both obligor and surety on a bond are estopped to deny, for the purpose of avoiding liability thereon, any recited fact therein.
2. An appeal bond, not given for an illegal purpose, complying substantially with the statute, voluntarily entered into, will be held binding, although the proceedings, anterior to its execution, may have been irregular.

On appeal from District Court.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the appellant, *Corra N. Williams.*

For the defendant, *John B. Walsh.*

The opinion of the court was delivered by

VOORHEES, J.   This suit was instituted in the First District Court of Elizabeth to recover upon a bond dated March 8th, 1910, in the penal sum of four hundred dollars ($400) given by the defendants.   Judgment was rendered for the defendants, and comes to this court on appeal.

The state of the case discloses that the bond in suit, after reciting that on the first day of March, 1910, the obligor, Coletta, was convicted by the Summit police court of violation of an ordinance of that city and sentenced to pay a fine of two hundred dollars ($200) or serve, in default of such payment, a term of ninety days in the county jail, and had appealed from such judgment, contains the following condition:

"If the said Alfonso Coletta shall appear before the next Court of Common Pleas, * * * on the first Tuesday in May following, and prosecute this appeal, and stand and abide by the judgment of the said court and pay the said fine and such further costs as may be taxed, or deliver himself for commitment to the said county jail, if the said judgment be affirmed; or in the meantime shall pay the said fine of $200 and costs to the said Summit police court or deliver himself to the said court for commitment in the said county jail for said term of ninety days, then this obligation to be void."

The plaintiff, at the trial, made proof of the bond that the appeal had not been prosecuted in the Common Pleas and had been dismissed, that his fine had not been paid and Coletta had not surrendered himself.   The defendant, over objection, was permitted to put in evidence the docket of the

police justice, who tried the case on appeal from which the bond was given. It showed a conviction on March 1st, 1910, a notice of appeal and the acceptance of an appeal bond with one Garafano, as surety. That on March 8th, 1910, the defendant was surrendered by his bondsman who requested to be released from his suretyship. Thereupon the defendant was paroled in custody of his counsel, pending the filing of a new bond, and afterwards the bond now in suit was given and accepted and by the justice transmitted to the county clerk.

In the District Court, the defendants moved for judgment, alleging that the acceptance of the first bond exhausted the police justice's power and deprived him of the right to accept another bond; that there was no right in the first surety to surrender Coletta in discharge of his bond; that the bond was without consideration, there being no statutory authority for it. The motion prevailed and judgment was entered for the defendants.

Specifications of causes for reversal raise questions involving the propriety of the admission in evidence of the police justice's docket, of the finding of the District Court; that the taking of the first bond deprived the police justice of jurisdiction to accept any other bond, and that the bond in suit was without consideration and void.

The bond recited the judgment and appeal and was conditioned for its prosecution. The evidence contained in the docket tended to contradict such recitals by showing that this was not the bond given upon the appeal in question, but that some other bond had been given. The rule is that both obligor and surety on a bond are estopped to deny, for the purpose of avoiding liability thereon, any recited fact therein. The evidence thus admitted was therefore clearly illegal.

A police court was established in Summit under "An act relating to and providing for the government of cities of this state containing a population of less than twelve thousand inhabitants," approved March 21st, 1899. *Pamph. L.*, p. 96. Section 78 provides for an appeal in all cases where the penalty exceeds twenty dollars, "to be taken in the same man-

ner as an appeal might be had from judgments in courts for the trial of small causes."

This bond was given within the time limited by the Small Cause act, was transmitted to the Court of Common Pleas, and thereby the benefit of the appeal was enjoyed by the convicted defendant.

It was not given for an illegal purpose; it complies substantially with the statute. It was voluntarily entered into, and must be held binding, although the proceedings anterior to its execution may have been irregular. *Ordinary* v. *Cooley,* 1 *Vroom* 179.

The judgment of the District Court will be reversed and a new trial ordered.