CHICAGO—FIRST DISTRICT—JULY, 1912.     601

Strassheim v. Perfect Knitting Mills et al., 171 Ill. App. 601.

Christopher Strassheim for use of M. Obstfeld, Isadore Obstfeld and Mrs. M. Obstfeld, Plaintiff in Error, v. Perfect Knitting Mills and Joseph Marschak, Defendants in Error.

## Gen. No. 17,172.

1. REPLEVIN—*action on bond.* On action on a replevin bond, where no showing was made that judgment was entered in the replevin action in favor of those for whom the action is brought, abuse of discretion is not shown in denying a motion to reopen to admit a certified copy of the judgment and record of the Appellate Court in a certain appeal from the Circuit Court, since assuming that the appeal was from a judgment in the replevin suit in question the introduction of the record would not have been sufficient.

2. REPLEVIN—*action on bond.* Where no showing is made in an action on a replevin bond that judgment was entered in the replevin action in favor of those for whose benefit the action is brought, on motion to reopen to admit the judgment in the replevin suit the proper offer would be to admit a certified copy of the Circuit Court judgment and the Appellate Court order, if any, affirming such judgment.

Action on a replevin bond. Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed July 23, 1912.

BRADY & LEVY, for plaintiff in error; JOSIAH BURNHAM, of counsel.

ALFRED E. BARR, for defendants in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This suit was brought upon a replevin bond. At the close of the plaintiff's case it apeared that no proof had been made that a judgment in the replevin suit had been entered in favor of the parties for whose use the present action was brought. The plaintiff in error made a motion that the case be reopened in

602 APPELLATE COURTS OF ILLINOIS.

Strassheim v. Perfect Knitting Mills et al., 171 Ill. App. 601.

order that proof of the bond might be made, but the motion was denied for the reason that the record showed that a certified copy of the bond had been admitted in evidence by agreement. An inspection of the record develops that such was the fact. The plaintiff in error further moved that the case be reopened in order that a certified copy of the judgment and the record of the Appellate Court "in the appeal from the Circuit Court of Cook county in the case of the Perfect Knitting Mills v. M. Obstfeld et al." might be offered in evidence. This motion was denied.

It is insisted by the plaintiff in error that the court abused its discretion in so denying the motion. The record in the case before us does not contain a copy of the record of the case in the Appellate Court referred to. The offer made was not sufficiently clear to enable us to say that the record sought to be introduced would have been sufficient to have allowed a judgment in the case before us properly to have been entered in favor of plaintiff in error, even if no defense had been interposed by the defendants in error. We have no means of knowing that it involved the subject matter of the present suit. The proper offer would have been that of a certified copy of the judgment of the Circuit Court and the order of the Appellate Court, if there was such an order, affirming such judgment of the Circuit Court. If it be assumed that the appeal was from a judgment entered in the Circuit Court in the replevin suit in favor of the plaintiff in error, the introduction of the record filed in the Appellate Court would not then have been sufficient. It was not the proper way to prove the fact that judgment had been entered in the Circuit Court, and there would still be lacking proof of affirmance of the judgment in the Appellate Court.

The defendants claimed a set-off for goods claimed to have been sold and delivered to the uses of the

plaintiff in error. It is unnecessary for us to determine whether proof of such set-off was properly admitted in the case, as upon the record there could have been no judgment rightfully entered against the defendants in error, if there had been no such proof of set-off.

We find no error in the record such as should cause a reversal of the judgment, and the same is therefore affirmed.

*Affirmed nunc pro tunc as of April 20, 1912.*