## Ellen Barrett, Administratrix, Appellee, v. Annie Marschak, Administratrix, Appellant.

### Gen. No. 20,312.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed April 28, 1915.

### Statement of the Case.

Action by Ellen Barrett, administratrix of the estate of Thomas E. Barrett, deceased, in the County Court of Cook county against Annie Marschak, administratrix of the estate of Joseph Marschak, deceased, in debt on a replevin bond. A trial by the court without a jury resulted in a finding against the defendant for one thousand dollars debt and one thousand dollars damages, the debt to be satisfied on payment of the damages, and judgment was entered upon such finding. The defendant appeals.

SAMUEL KERR and JAMES P. GRAHAM, for appellant.

JACOB LEVY and JOSIAH BURNHAM, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. REPLEVIN, § 195*—*who may sue on bond on death of sheriff.* The right of action upon a replevin bond given to the sheriff in an action is vested on the death of the sheriff in his administratrix and not in his successor.

2. JUDGMENT, § 680*—*when plea defective as not showing former adjudication on merits.* A plea in an action upon a replevin bond

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

482          APPELLATE COURTS OF ILLINOIS.

Stapleton v. National Council, K. & L. of Security, 192 Ill. App. 482.

that does not show that a former adjudication upon such bond, in an action by the successor in office of the sheriff who had since died, was upon the merits is open to demurrer.

3.  REPLEVIN, § 204*—*when receipt admissible in connection with return.* Where the return of the sheriff to a writ of replevin specifically refers to the receipt thereon indorsed for a description of the property returned, such receipt may be considered as part of the record in connection with the return, and is admissible in evidence in an action upon the bond for the purpose of showing that all of the property mentioned in the writ was not in fact delivered to the replevin plaintiff.