tween the plaintiffs and the defendants respectively which defend-
ants conspired to break, in an action to recover damages, charging
that the defendants had so conspired.

2. SALES, § 16*—*what are requisites of contract as to definite-
ness.* A contract of sale, to be enforceable, must be definite as to
amount, the price, terms of payment, and time of delivery.

---

**Ellen Barrett, Administratrix, Plaintiff in Error, v.
Annie Marschak, Administratrix, Defendant in
Error.**

**Gen. No. 22,657.   (Not to be reported in full.)**

Error to the County Court of Cook county; the HON. J. J. COOKE,
Judge, presiding. Heard in this court at the October term, 1916.
Reversed and remanded with directions. Opinion filed February
19, 1917. Rehearing denied March 5, 1917.

### Statement of the Case.

Action by Ellen Barrett, administratrix of the es-
tate of Thomas E. Barrett, deceased, plaintiff, against
Annie Marschak, administratrix of the estate of
Joseph Marschak, deceased, defendant, to recover on
a replevin bond. From a judgment for defendant,
plaintiff brings error.

Opinions on phases of the case are found in 154 Ill.
App. 637, 171 Ill. App. 601, and 192 Ill. App. 481.
Thomas E. Barrett, deceased, was sheriff of Cook
county, and was succeeded by Christopher Strassheim.
The replevin bond in question was given to Barrett
as such sheriff. After the cause was remanded all
pleas were withdrawn and an amended fourth plea
was filed setting up as a bar a judgment in the Munic-
ipal Court adverse to the plaintiff in that case, Strass-
heim, which was affirmed (171 Ill. App. 601). Repli-

---

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same
topic and section number.

cation to the plea set up that Strassheim had no title and no right of action and that plaintiff herein was not a party to that action. Demurrer to replication was filed, which plaintiff moved be carried back to plea, and motion was denied and demurrer sustained. Trial was thereupon had.

JACOB LEVY and JOSIAH BURNHAM, for plaintiff in error.

KERR & KERR, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1733*—*when prior decision on appeal is binding.* The prior decision of the Appellate Court, holding that the right of action upon a certain replevin bond given to a sheriff vested on his death in his administratrix and not in his successor, rendered in an action brought by such successor upon the bond, *held* binding upon the court in a subsequent action brought thereon by the administratrix, and a plea in such action of *res judicata* would be demurrable.

2. PLEADING, § 223*—*what is effect of abiding by replication on overruling of motion to carry demurrer back to plea.* Where a demurrer to a plea is sustained and the pleader does not ask leave to amend his plea, he will be held to abide by or stand by his plea, and may be heard to urge on review that his plea was good in law, and the same effect follows where a motion to carry a demurrer to a replication back to a plea is overruled and the parties proceed to trial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.