Ellen Barrett, Administratrix, Appellee, v. Annie Marschak, Administratrix, Appellant.

Gen. No. 23,861.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 25, 1918.

### Statement of the Case.

Action by Ellen Barrett, administratrix of the estate of Thomas E. Barrett, plaintiff, against Annie Marschak, administratrix of the estate of Joseph Marschak, defendant, to recover on a replevin bond. From a judgment for plaintiff for $1,000, defendant appeals.

See also, *Perfect Knitting Mills v. Obstfeld,* 154 Ill. App. 637; *Strassheim v. Perfect Knitting Mills,* 171 Ill. App. 601; *Barrett v. Marschak,* 192 Ill. App. 481, 204 Ill. App. 179.

KERR & KERR, for appellant.

JACOB LEVY and JOSIAH BURNHAM, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1734*—*what questions res judicata on second appeal.* When a cause is litigated and that litigation prosecuted to a court of appeals and passed upon, all questions that were open to consideration and could have been presented, relating to the same subject-matters, are *res judicata,* whether presented or not.

2. APPEAL AND ERROR, § 7*—*nature of writ of error.* A writ of error is the beginning of a new suit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. PLEADING, § 295*—*what may not be set up in plea puis darrein continuance after reversal and remandment of case on writ of error.* The mere fact that a writ of error is a new suit does not warrant the setting up in a plea *puis darrein continuance* on reversal and remandment of the case the defense that plaintiff was not the administratrix of the estate for which she was suing, where such defense was available for a number of years before in prior suits.

4. APPEAL AND ERROR, § 1802*—*what is effect of reversal and remandment on writ of error and proceedings.* Where the judgment of the trial court on writ of error is reversed and remanded, the proceedings and suit stand precisely as if no writ of error had been issued.

5. PLEADING, § 201*—*what is mere conclusion of pleader in plea puis darrein continuance.* The recital in a plea of *puis darrein continuance* that the plaintiff was not the administratrix of the estate for which she was suing· is a mere conclusion of the pleader and is not a well-presented fact that is admitted by demurrer.

6. PLEADING, § 454*—*when defense in plea of abatement waived.* The defense set up in a plea of abatement that plaintiff is not the administratrix of the estate for which she is suing is waived by a plea to the merits.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.