# Ellen Barrett, Administratrix, Appellee, v. Benjamin Ablin, Appellant.

## Gen. No. 24,643.

1. APPEAL AND ERROR, § 1862*—*when surety on appeal bond of administratrix not released from liability.* Under an appeal bond providing that if the named administratrix should duly prosecute her appeal with effect and pay the amount of the judgment, etc., to be rendered against her in case of affirmance by the Appellate Court, the obligation should be void, etc., the surety in an action on the bond could not escape liability on the theory that the obligation was discharged because the Probate Court had ordered the judgment paid and the administratrix had taken steps required by law to pay the judgment in due course of administration.

2. APPEAL AND ERROR, § 1859*—*when surety on appeal bond of administratrix estopped to show particular meaning of obligation.* Under the rule that the maker of a bond is bound by the recitals therein whether they are true or false, the surety on the appeal bond in question was precluded from showing that the obligation to pay the judgment appealed from meant merely that the judgment be paid in due course of administration of the estate of which the principal in the bond was the administratrix.

3. APPEAL AND ERROR, § 1886*—*when damages for delay awarded in action on appeal bond of administratrix.* Damages for delay were awarded in an action on an appeal bond given by an administratrix, where, although the obligation was to pay the judgment in question, the defense was that it merely meant that the judgment be paid in due course of administration.

4. APPEAL AND ERROR, § 1859*—*when surety on appeal bond given administratrix estopped to deny latter's representative capacity.* Where the plaintiff, who sued as administratrix, was the obligee in the appeal bond in question, it was immaterial whether or not she was such administratrix at the time of commencing suit; and as the surety contracted with her, he was estopped to deny her representative capacity.

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed with damages. Opinion filed October 15, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXV 8

KERR & KERR, for appellant.

JACOB LEVY and JOSIAH BURNHAM, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On April 27, 1918, the plaintiff, Ellen Barrett, as administratrix of the estate of Thomas E. Barrett, deceased, brought suit against the defendant, Benjamin Ablin, for the sum of $1,500. The plaintiff's statement of claim sets forth the following:

"Plaintiff's claim is upon an appeal bond to secure the amount of the judgment appealed from, interest and costs; and the plaintiff alleges that the defendant and one Annie Marschak, administratrix of the estate of Joseph Marschak, deceased, executed said bond on, to-wit, May 31, A. D. 1917, bearing date of that day, in the penal sum of Fifteen Hundred Dollars ($1,500.00), a copy of which bond is hereto attached. 2. Said bond was given in an appeal to the Appellate Court from a judgment of the County Court of Cook County for the sum of One Thousand Dollars ($1,000.00) and costs of suit, entered on, to-wit, May 3, A. D. 1917, in favor of the plaintiff, and against the said Annie Marschak, administratrix of the estate of Joseph Marschak, deceased. 3. The said judgment of said County Court was affirmed by said Appellate Court on, to-wit, the 25th day of March, A. D. 1918. 4. Said judgment has not been paid, nor has the said sum of $1,500.00 named in said appeal bond, or any part thereof, been paid; and said defendant has refused, though often requested, and still refuses to pay the same, and said appeal bond still remains in full force. 5. There is now due upon the said judgment and costs, the principal sum of $1,000.00; legal interest upon the same from May 3, 1917, $50.00; costs in said County Court $11.90; and costs in said Appellate Court the sum of $15.75; none of which has been paid."

The bond in question recites, among other things,

that whereas the said Ellen Barrett, administratrix of the estate of Thomas E. Barrett, deceased, did on May 3, 1917, in the County Court, recover a judgment against Annie Marschak, administratrix of the estate of Joseph Marschak, in the sum of $1,000 and costs; from which judgment of the said County Court the said Annie Marschak, administratrix, etc., has prayed for and obtained an appeal to the Appellate Court, "Now, Therefore, if the said Annie Marschak, administratrix of the estate of Joseph Marschak, deceased, shall duly prosecute her said appeal with effect, and moreover pay the amount of the judgment, costs, interest and damages rendered, and to be rendered against her, in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

On May 20, 1918, the defendant filed an affidavit of merits setting up, among other things, that on April 27, 1918, Ellen Barrett was not and is not now the administratrix of the estate of Thomas Barrett, deceased; that on or about July 27, 1910, the final account of the said Ellen Barrett as administratrix was approved by the Probate Court and said estate declared settled and closed and the administratrix discharged and no further proceedings were ever had in the said estate; that the chose in action sued upon in this case was not then and is not now an asset of the estate of the said Thomas E. Barrett, deceased; that the plaintiff Ellen Barrett is not vested with the right of action in the manner and form as alleged in the plaintiff's statement of claim; that she has no authority to institute and maintain suit upon said chose in action except that she sue as nominal plaintiff only, and that the beneficial plaintiffs in fact are N. Obstfeld, Isadore Obstfeld and Mrs. M. Obstfeld, or some one of them; that the foregoing suit is in fact for the benefit of the said beneficial plaintiffs; that the de-

fendant is not indebted in any amount and a recovery should not be had against him in this action. Further the affidavit of merits sets up the history of certain litigation involving the parties in question, all of which, however, we are of the opinion is entirely immaterial in determining the questions which arise upon this appeal.

On May 22, 1918, on motion of the plaintiff, the trial judge struck the affidavit of merits, and on May 27, 1918, the defendant filed an amended affidavit of merits. The latter contains substantially the same allegations as the original affidavit of merits; it contains more details and sets up more evidence but adds no new defense. On May 31, 1918, the trial judge struck the amended affidavit from the files and entered judgment against the defendant in the sum of $1,092, together with costs. This appeal was taken therefrom.

It is claimed by the defendant, as set up in his affidavit of merits, that the judgment was against the administratrix in her official capacity; that, although the bond recites that, if the said Annie Marschak, administratrix of the estate of Joseph Marschak, deceased, shall duly prosecute the appeal to effect, and, moreover, pay the amount of the judgment in case the judgment shall be affirmed, as he had set up in his affidavit of merits that the Probate Court had ordered the judgment paid and the administratrix had taken the steps required by law to pay the judgment in due course of administration, therefore, the obligation on the appeal bond was discharged.

According to the terms of the bond the obligation is not to pay the judgment in due course of administration. There is no qualification. When Annie Marschak signed the appeal bond her obligation was to pay the judgment not in the course of administration but to pay it, as a specific judgment, when affirmed in this court. It is admitted the judgment was

affirmed. How may it then be claimed that the obligation is not absolute. The words in the bond are the usual, conventional words, with well-known and settled legal meaning. The question is not what was the intention of the parties but simply what is the meaning of the words that they have used. The bond must be taken for what it is and not for what it might have been. In the case of *Meserve v. Clark*, 115 Ill. 580, the court said, referring to an appeal bond: "Upon what principle can she be permitted to question the truth of the recitals in that instrument? The general rule unquestionably is, that the maker of a bond is bound by the recitals in it, whether they are true or false. * * * We see no reason why the bond in question is not valid as a voluntary contract." *Blackburn v. Bell*, 91 Ill. 434; *Mix v. People*, 86 Ill. 329. Counsel for the defendant argues that the bond might have provided specifically for payment "in any event" or for payment "in due course of administration," and that in the present case, inasmuch as the principal obligor is described in the bond as administratrix of the estate of Joseph Marschak, deceased, it is only reasonable to be allowed to refer to the judgment itself in order to find out what the bond means; in other words, what was the method of payment provided for in the judgment. The affidavit of merits stated that the judgment was payable in due course of administration and that the principal obligor in the appeal bond had taken steps implied by the term "due course of administration." We are of the opinion, however, that the law is so well established as to the unqualified liability of principals and sureties in accordance with the exact terms and words of the bonds themselves that it would have been error for the trial judge to have entered upon the trial of an issue of fact as to the meaning of the word judgment, as it appeared in the bond.

The condition of the bond is that if Annie Marschak,

administratrix, etc., "shall duly prosecute her said appeal with effect, and moreover pay the amount of the judgment, costs, interest and damages rendered, and to be rendered against her, in case the said judgment shall be affirmed in said Appellate Court," etc. The judgment is described in the bond as "a judgment against the above bounden Annie Marschak, administratrix of the estate of Joseph Marschak, deceased, for the sum of One Thousand, Dollars ($1,000.00)." In considering those words we see no escape from their obvious meaning. Nor, do we see, in view of the law, how it is possible for the defendant to be allowed to go afield and undertake to show that the judgment described in the bond is a judgment of a particular kind and not for the payment by the principal and surety of the sum mentioned at the time mentioned in the bond.

Counsel further contends that the plaintiff was not at the time of the commencement of the suit duly appointed, qualified and acting administratrix of the estate of Thomas E. Barrett, deceased, and that, therefore, she cannot maintain an action on this bond. The suit was instituted in her name as administratrix and her name as administratrix is that of the obligee in the bond itself. Whether or not she was the administratrix at the time' makes no difference, and inasmuch as the defendant contracted with her as administratrix he is now estopped to deny her representative capacity. *Portis v. Illinois Surety Co.,* 176 Ill. App. 590; *Meserve v. Clark,* 115 Ill. 580.

We have read the various decisions reported in 154 Ill. App. 637; 192 Ill. App. 481; 171 Ill. App. 601, and 204 Ill. App. 179, also *Barrett v. Marschak,* 210 Ill. App. 171, in order to more thoroughly understand the case; and now, as a result of what the record shows on this appeal, we are compelled to the conclusion that it was prosecuted for delay. The judgment is, therefore, affirmed, with additional damages of $54.60

(being 5 per cent of the damages assessed below) in addition to the costs.

*Affirmed with damages.*