## LOCAL BUILDING & LOAN ASS'N v. HALL et al.

No. 19472.   Opinion Filed Sept. 30, 1930.

Withdrawn, Corrected, and Refiled Oct. 14, 1930.

Everest & Brewer, for plaintiff in error.

Welty & LaFon and Walter & Hilpirt, for defendants in error.

DIFFENDAFFER, C.   This is an appeal from an order sustaining a demurrer of defendants to the petition of plaintiff and dismissing an action upon a supersedeas bond.

The petition alleges, in substance, that on or about November 6, 1923, plaintiff herein recovered judgment in the district court of Oklahoma county against defendants Bess B. Hall and E. G. Hall for some $4,068.17, with interest and costs and $400 attorney's fee, decreeing the same to be a valid and subsisting lien upon lots 7 and 8 in block 7, Military Park addition to Oklahoma City, and further decreeing that said property be

sold by the sheriff of Oklahoma county without appraisement, if said judgment should remain unpaid for a period of six months thereafter; that said judgment became and was a final judgment and remained unpaid for more than six months thereafter; that upon written praecipe therefor, an order of sale was issued directing the sale of said premises, etc.; that pursuant thereto said premises were advertised and sold to plaintiff; due return of the order, and motion to confirm and an order confirming the sale, directing the sheriff to execute and deliver a deed for said property to plaintiff and to place plaintiff in possession thereof; that the order confirming said judgment was made over the objections of defendants therein, Bess B. Hall and E. G. Hall, which objections being overruled said defendants gave notice of their intention to appeal from said order confirming the sale to the Supreme Court of the state of Oklahoma; that said appeal was taken and a supersedeas bond given in said proceedings signed by defendants Bess B. Hall and E. G. Hall, as principals, and defendants J. W. Pryer, H. J. Muller, and Floyd B. Payne, as sureties.

The petition further alleged that said defendants Bess B. and E. G. Hall perfected their appeal in the Supreme Court; that the judgment therein was affirmed on the 26th day of January, 1926, and petition for rehearing was denied and mandate issued April 13, 1926; that thereafter the sheriff delivered his deed to said property to plaintiff and plaintiff obtained possession of said premises on or about May 5, 1926; that during the pendency of said appeal, defendants Bess B. and E. G. Hall remained in the possession of the premises, which were of the reasonable rental value of $60 per month, aggregating $1,320. The petition alleged:

"* * * And that under the said bond and the statutes of Oklahoma, the conditions of such bond were and are that during the possession of such property by the defendants, plaintiff in error, they would not commit or suffer to be committed any waste thereof, and if the said judgment be affirmed that they will pay the value of the use and occupation of the property from the date of the undertaking, the date of said bond being the 7th day of July, 1924, until the delivery of the possession of such real estate pursuant to the judgment, and all costs."

But what was alleged to be a true and correct copy of such supersedeas bond was attached to the petition, marked "Exhibit A" and made a part thereof. The bond in full is as follows:

"Supersedeas Bond.

"Know all men by these presents that we, Bess B. Hall, and E. G. Hall, as principals, and J. W. Pryer, H. J. Muller, and Floyd B. Payne, as sureties, are held and firmly bound unto the Loan Building and Loan Association, a corporation of Oklahoma City, in the penal sum of one thousand dollars ($1,000) dollars, for the payment of which well and truly to be made, we do bind ourselves, and each of us, our heirs, executors and administrators, jointly and severally by these presents.

"The condition of the above obligation is such that, whereas, in the district court of Oklahoma county, Oklahoma, in the above entitled cause, on the 28th of June, 1924, it was ordered that the objection of defendants to the confirmation of sheriff's sale be overruled, and that the motion of the plaintiffs to confirm the said sheriff's sale was confirmed and exceptions to defendants thereupon allowed; and, whereas, the above-named principals have appealed from said judgments to the Supreme Court of said state, and gives this undertaking in order that execution of said judgment shall be stayed pending the determination of said cause on appeal.

"Now therefore, if the said principals shall prosecute their appeal without unreasonable delay, and shall have the said judgment reversed on appeal and remanded to said court for new trial or further proceedings, then this obligation shall be void; otherwise to be and remain in full force and effect.

"In witness whereof, we have hereunto subscribed our names this 5th day of July, 1924.

"Bess B. Hall,
"E. G. Hall, Principals.

"J. W. Pryer, H. J. Muller.
"Floyd B. Payne, Sureties."

Defendant Floyd B. Payne filed his separate demurrer to the petition, setting up as the grounds of demurrer, "that the petition does not state facts sufficient to constitute a cause of action against this defendant." Defendants Bess B. Hall, E. G. Hall, H. J. Muller, and J. W. Pryer joined in a like demurrer.

These demurrers were heard together and sustained. The plaintiff elected to stand on its petition and its action was dismissed. From the orders sustaining the demurrers and dismissing the action, plaintiff prosecutes this appeal.

The sole question presented is the sufficiency of the so-called supersedeas bond to bind the makers for the payment of the value of the use and occupancy of the premises pending the appeal from the order of

confirmation to the amount of the bond, to wit, $1,000. There is no contention that the petition stated a cause of action against defendants Bess B. Hall and E. .G. Hall, independent of the bond. Therefore, we do not decide that question.

Under the well-established rule that where the allegations of the petition of the terms or contents of an instrument sued upon are in conflict with the instrument, and a copy of the instrument is attached to the petition and made a part thereof, the instrument itself controls, we must disregard the conflicting allegations of the petition and look only to the terms of the bond.

Plaintiff frankly admits that the bond is not altogether in the statutory language, but contends that because the bond on its face discloses its purpose, viz.: That the "principals" having appealed from said judgments to the Supreme Court of this state and given this undertaking in order that the execution of said judgment should be stayed pending the determination of said cause on appeal, the signers fully understood the purpose thereof, and the purpose having been fully accomplished and the proceedings stayed, both principal and surety are liable on the bond for two reasons: (1) regardless of whether or not the bond is in statutory form, it is valid as a common-law bond or obligation; and (2) defendants having themselves written the bond, they are now estopped in law from questioning its validity. With this contention we cannot agree.

Almost the identical question here presented was decided by the court in Lyngholm v. Atkins et al., 140 Okla. 36, 282 Pac. 129. In that case the supersedeas bond was conditioned for the payment of the "condemnation money" as provided in the first subdivision of section 794, C. O. S. 1921, but entirely omitted the condition required by the third subdivision for the payment of the value of the use and occupation of the premises from the date of the undertaking until the delivery of the possession pursuant to the judgment, or any condition equivalent thereto. It was there held:

"In an action upon a supersedeas bond given in an action where the possession of real property only is involved, and the supersedeas bond is conditioned only for the payment of the condemnation money if the judgment appealed from be affirmed, as provided in the first subdivision of section 794, C. O. S. 1921, and there is no condition in the bond for the payment of the value of the use and occupancy of the property, as provided in the third subdivision of section 794, supra, plaintiff cannot recover for the value of the use and occupancy of the property against the sureties on such bond."

In the so-called supersedeas bond in the instant case we find none of the conditions required by section 794, supra.

Plaintiff cites many cases construing supersedeas and other bonds, but in none of them do we find the glaring omission here under consideration. The first case cited and referred to by plaintiff is Deming Inv. Co. v. Fariss (Okla.) 50 Pac. 130. There the supersedeas bond was given to supersede the original judgment and decree in a foreclosure case, and did not contain the conditions required by the third subdivision of section 794, C. O. S. 1921, relating to payment of the value of the use and occupation of the premises, etc. This court held the bond good and the sureties thereon liable for the deficiency after the sale of the premises, but did not hold them liable for rents and profits pending the original appeal. That question was not in the case. The above case clearly points out the remedy of an appellee in case a defective bond is approved by the court clerk. It is therein said:

"The fact that the bond may not have conformed in all particulars to the statute did not make the instrument a nullity, but, if defective, the remedy was by motion to the court below for additional security, or for a correction of the bond."

Diel v. Blanchard, 102 Okla. 35, 225 Pac. 962, is a case where the condition was for the payment of the condemnation money, and the sureties on the supersedeas bond were held liable for the balance due on the original judgment, not for the value of the use and occupation of the premises.

Ewing v. Board of County Commissioners, 53 Okla. 250, 156 Pac. 229, is a case where the bond to secure county deposits was signed by individual sureties instead of a surety company, as the law requires. The bond was conditioned as required by law, and all that was held was that assuming the bond to be ultra vires, the plea of ultra vires was not available to the bank or its sureties after the bank had had the benefit of the bond, and that the bond was good as a common-law obligation. The defect involved here was not in that case.

Summit v. Colletta, 81 N. J. L. 153, 78 Atl. 1047, is cited as holding that sureties on an appeal bond are estopped to deny the recitals therein. Meserve v. Clark, 115 Ill. 580, 4 N. E. 770, and other cases to the same effect are cited. There appears to be

no controversy about the correctness of the recitals in the instant case. There is no contention that the judgment was not rendered in the trial court or that the record was not made as recited in the bond. It may be conceded that they are not correct, and though incorrect defendants are estopped from denying their correctness, but still the bond does not provide for the payment of the value of the use and occupancy of the premises involved.

Duncan v. Thomas, 17 Colo. App. 522, 69 Pac. 310, is cited, but there the condition of the bond was that "if the judgment is affirmed and paid," etc., the bond to be void, otherwise to remain in full force. Clearly the condition for the payment of the judgment was plain.

Ullery v. Kokott, 15 Colo. App. 138, 61 Pac. 189, is also cited, but the only question there decided was that an attorney who obtains permission of the court to sign an appeal bond is estopped to deny his liability thereon. No question as to the sufficiency of the terms of the bond was there raised.

Dye v. Dye (Colo. App.) 55 Pac. 205, is also cited, but there the only defect in the bond was that it recited that a judgment for $150 had been rendered against the principal, whereas in fact the judgment was for a larger sum.

Abbott et al. v. Williams (Colo.) 25 Pac. 450, is cited, but the question here presented was not involved therein. All there was there held was that a surety on a bond, regular on its face, given to procure the release of money in the hands of a garnishee, where the principal thereby obtained the money from the garnishee which otherwise would have been held to apply on plaintiff's claim, was liable thereon, although the sheriff who took the bond had no authority so to do.

Richardson v. Penny, 10 Okla. 32, 61 Pac. 584, is cited by plaintiff as authority for the proposition that the sureties upon an appeal bond are bound by the recitals therein as before stated. This is not the question here involved. The condition required by the statute was contained in the bond in that case in almost the exact language of the statute, except that for payment for the value of the use and occupancy, which was not contained in the appeal. It is insisted that the supersedeas bond in question should be read in connection with the statute which provides for such an undertaking, or in effect say, that while the bond does not provide for the payment of the value of the use

and occupancy of the premises, the statute requires such a provision, and therefore the condition should be read into the bond, especially after the principal defendants have been permitted to remain in possession of the premises and thus deprive the plaintiff of the value of the use thereof pending the former appeal. In this connection defendants cite Henrie et al. v. Buck (Kan.) 18 Pac. 228. There the condition of the bond relied upon was:

"If upon the further trial of the case judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property pursuant to the judgment."

In passing upon the liability of the sureties upon the bond, the court said:

"The obligors upon the bond are mere sureties, and they have a right to insist upon the express terms of the undertaking. It is a recognized rule of the law that the liability of sureties to a statutory undertaking cannot be extended by implication nor enlarged beyond the express terms of their contract. Hays v. Closon, 20 Kan. 120. It is possible that the person who prepared the undertaking mistakenly omitted the words 'from the date of the undertaking until the delivery of the property'; but the contract of the obligors is expressed in that undertaking, and the possibility that the scrivener may have omitted a clause which changed the sense of the undertaking cannot extend their liability beyond the necessary import of the words used to express the same. The full scope of their liability in respect to the use and occupation of the premises upon a reasonable interpretation of the language used in the contract is that if judgment is rendered against the appellant he will pay double the value of the use and occupation of such property as that judgment may provide. No such provision was or could be made in the judgment, and as the obligors have the right to stand upon the exact letter of the undertaking, no liability in this respect exists against them."

In Hibernia Savings & Loan Soc. v. Freese (Cal.) 59 Pac. 769, in the body of the opinion, it was said:

"It is the right of the surety to stand upon the strict letter of his undertaking. He can be held to no different contract from that into which he has entered."

This is but a statement of the general rule as to sureties on appeal bonds, found in 4 C. J. 1252, where the rule is stated as follows:

"The general rule that the obligation of a surety is strictissimi juris, that is, that he has the right to stand on the precise

terms of his contract, and his liability cannot be extended by construction or implication, has frequently been applied to sureties on appeal bonds."

Authorities are cited in support of the text from the United States Supreme Court and from 19 states, but few of the cases there cited deal with the exact question here under consideration. They are all against plaintiff's contention except perhaps Opp v. Ten Eyck, 99 Ind. 345, a case where the surety on appeal bond was held liable for mesne rents, although there was no stipulation in the bond providing therefor. But this was because of a statute specifically covering such cases. Unfortunately we have no such statute in this state.

It is also said that the rule of strict construction is not universally applied, at least not to the extent of defeating the intention of the parties, where it can reasonably be ascertained with the ordinary aids of construction, and in some jurisdictions sureties on appeal bonds are not allowed to escape liability for breach of conditions except for the most substantial reasons. But an examination of the cases upon which this rule is based will disclose that the bonds, while not containing the provisions required in the language of the statute, contained language equivalent thereto, such as to pay all damages, etc.; abide the judgment rendered upon appeal; hold appellee harmless, and similar expressions. If the supersedeas bond here under consideration contained any such provision, we would not hesitate to hold it sufficient to bind the sureties under the rule of liberal rather than strict construction. But we are here dealing with a bond that contained no such stipulation and no language equivalent thereto, and to hold it sufficient to bind the sureties to pay the value of the use and occupancy of the premises pending the former appeal, would be to violate several well-established principles of law, viz.: Courts will not write contracts for the parties; sureties cannot be held liable beyond the obligation assumed by them; courts will not, under the guise of construction, read into a contract provisions not therein contained; and courts will not judicially legislate.

The judgment should be, and is hereby, affirmed.

BENNETT, HERR, REID, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.